# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| BRANCH BANKING & TRUST CO., | § | |
| SUCCESSOR IN INTEREST TO COLONIAL | § | |
| BANK, BY ACQUISITION OF ASSETS | § | |
| FROM THE FDIC AS RECEIVER | § | Case No. 4:10-CV-461 |
| FOR COLONIAL BANK | § | Judge Mazzant |
| | § | |
| v. | § | |
| | § | |
| ETZIK GEDALIA | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant's Amended Motion for New Trial (Dkt. #56) and Plaintiff's Motion for Attorney's Fees and Expenses (Dkt. #53). Having considered the relevant pleadings and the responses thereto, the Court denies Defendant's Amended Motion for New Trial (Dkt. #56), and grants Plaintiff's Motion for Attorney's Fees and Expenses (Dkt. #53).

## BACKGROUND

Defendant, Etzik Gedalia, defaulted on personal guaranties securing certain promissory notes in favor of Plaintiff. On September 13, 2010, Plaintiff filed its Complaint against Defendant for the failure to satisfy the guaranty of payment (Dkt. #1). On September 26, 2011, Plaintiff filed its Motion for Summary Judgment on Plaintiff's Claims (Dkt. #23). On January 20, 2012, the Court entered an Amended Memorandum Opinion and Order and Amended Final Judgment awarding summary judgment in favor of Plaintiff. (Dkt. #51, #52).

On February 3, 2012, Plaintiff filed its Motion for Attorneys' Fees and Expenses (Dkt. #53). Defendant filed his Response on February 16, 2012 (Dkt. #55). On February 27, 2012, Plaintiff filed its Reply (Dkt. #57).

On February 20, 2012, Defendant filed his Amended Motion for New Trial (Dkt. #56).

Plaintiff filed its Response on March 5, 2012 (Dkt. #59).

## ANALYSIS

*Motion for New Trial*

> Defendant argues that the Court should grant a motion for new trial on the following basis:
>
> Defendant's Response and Brief to Plaintiff's Motion for Summary Judgment on Plaintiff's Claims shows that the appraisal from Plaintiff's own file is greatly in excess of the credit bid set forth in Plaintiff's Motion for Summary Judgment. (See Defendant's Response and Brief to Plaintiff's Motion and Brief in Support of Plaintiff's Motion for Summary Judgment on Plaintiff's Claims, Docket No. 27, at ¶¶ 15 and 16). The affidavits and declarations in support of the credit bid are conclusory and without foundation.

(Dkt. #56). This is the entirety of Defendant's argument in support of his motion for new trial. Plaintiff asserts that Defendant already raised this argument in his motion for summary judgment, which has already been ruled on by the Court (Dkt. #59 at 2). Plaintiff also contends that Defendant raised no appropriate basis for the Court to grant a motion for new trial. The Court agrees.

The Court has discretion in determining whether to grant a motion for new trial under Federal Rule of Civil Procedure 59. *Weber v. Roadway Express, Inc.*, 199 F.3d 270, 272, 276 (5th Cir. 2000). "Motions for new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Scottsdale Ins. Co. v. Sessions*, 331 F. Supp. 2d 479, 495 (N.D. Tex. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Defendant does not argue that the Court made a manifest error of law or fact. Further, Defendant presents no newly discovered evidence. Defendant merely reasserts argument already presented to the Court in Defendant's response to the motion for summary judgment, and already ruled on by the Court in its memorandum order and opinion issued on January 20, 2012. Therefore, the Court finds there is no basis for a new trial, and Defendant's motion for

new trial is denied.

*Plaintiff's Motion for Attorneys' Fees and Expenses*

Plaintiff argues that it is entitled to reasonable and necessary attorneys' fees and expenses incurred under Federal Rule of Civil Procedure 54. Plaintiff requested all reasonable attorneys' fees and expenses incurred in its Original Complaint (Dkt. #1). Pursuant to both guaranties, Plaintiff is entitled to all reasonable attorneys' fees and all other costs of collection. Plaintiff contends that it incurred (1) $21,671.01 in attorneys' fees in enforcing its claims, and (2) $708.68 in expenses (Dkt. #53 at 2). In support of its claims, Plaintiff attached billing and time records for its expenses associated with both guaranties signed by Defendant.

Defendant argues that the "fees and costs associated with foreclosure are excessive, conclusory and not supported by the evidence" (Dkt. #55). Defendant further contends that his issues and points of law are fully briefed in Defendant's Motion to Strike Plaintiff's Purported Summary Judgment Evidence (Dkt. #28). The Court denied Defendant's Motion to Strike and awarded Plaintiff its requested pre-litigation collection and foreclosure attorneys' fees and expenses (Dkt. #51).

In adjudicating an attorneys' fee award, a court first calculates a "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996); *Louisiana Power & Light Co.*, 50 F.3d at 324. In the second step of the lodestar method, the Court must consider whether the lodestar figure should be adjusted upward or downward depending on its analysis of the

twelve factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] *Riley*, 99 F.3d at 760; *Louisiana Power & Light*, 50 F.3d at 331. "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998). The most critical factor in determining the reasonableness of an attorney's fee award is the degree of success obtained. *Hensley*, 461 U.S. at 436.

The first step in the lodestar analysis requires a determination of the reasonable number of hours expended by Plaintiff's counsel, as well as the reasonable hourly rate. Plaintiff offers time records and an affidavit in support of the application for $21,671.01 in attorneys' fees and $708.68 in expenses (Dkt. #53 at 2). Plaintiff's billing records contain a reasonable hourly rate for both attorney and paralegal time expended during the litigation of this case. Further, Plaintiff is the prevailing party in this suit. The Court finds that the rates and hours requested are reasonable.

In his motion, Defendant argues only that the affidavits and declarations related to attorneys' fees are insufficient to show purported costs and attorneys' fees (Dkt. #28). The Court has already overruled this objection and denied Defendant's motion to strike (Dkt. #51). The Defendant does not respond to Plaintiff's submission of reasonable attorneys' fees and expenses, and the Court finds no reason to alter the lodestar fee.

---

[1] The twelve factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Cobb v. Miller*, 818 F.2d 1227, 1231 n. 5 (5th Cir. 1987) (citing *Johnson*, 488 F.2d at 717-19).

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Defendant's Amended Motion for New Trial (Dkt. #56) is **DENIED**.

It is further **ORDERED** that Plaintiff's Motion for Attorney's Fees and Expenses (Dkt. #53) is **GRANTED**.

It is further **ORDERED** that Defendant shall pay to Plaintiff a sum of $22,379.69, which is comprised of $21,671.01 in reasonable and necessary attorneys' fees and $708.68 in reasonable and necessary expenses.

**It is SO ORDERED.**
**SIGNED this 12th day of April, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE